UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONIKA NOBLE, | No. 2:16-cv-1571 TLN DB PS |
| Plaintiff, | |
| v. | ORDER |
| RAYMOND A. MERLO; ROBIN J. MERLO, et al., | |
| Defendants. | |

This action came before the court on September 30, 2016, for hearing of plaintiff's motion to strike defendants' answer. Attorney Dennis Price appeared on behalf of the plaintiff. No appearance was made by, or on behalf of, defendant Raymond Merlo or defendant Robin Merlo.

Defendants are advised that the right to represent oneself pro se is personal and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). Moreover, a non-attorney "has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987). Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual. Local Rule 183(a). In this regard, the name, address, and telephone number of each party must be included in the upper left-hand

1

corner of each document presented for filing and each defendant must sign each document they file. Local Rule 131(a) and (b); Fed. R. Civ. P. 11. Here, it appears only defendant Raymond Merlo has signed the purported answer filed on behalf of the defendants. (Dkt. No. 5 at 8.)

Moreover:

> Rule 8 [of the Federal Rules of Civil Procedure] requires defendants responding to a complaint to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). An allegation of the complaint is admitted if "a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). In addition to a denial or admission, a party may also respond that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation," which has the effect of a denial. Fed. R. Civ. P. 8(b)(5). Rule 8(b) therefore permits only three possible responses to a complaint: (1) admission; (2) denial; or (3) a disclaimer statement in compliance with Rule 8(b)'s provision for lack of knowledge or information, which is deemed a denial.

Lane v. Page, 272 F.R.D. 581, 602 (D. N.M. 2011).

Here, Section II. A. of the form defendants have used to draft their answer directs defendants to admit or deny the allegations found in each paragraph of the complaint on a separate page or pages. (Dkt. No. 5 at 2.) Defendants, however, have failed to do so.

Although not noticed for hearing, the court notes that on July 27, 2016, defendants filed a California Judicial Council Form application seeking a stay of this action pursuant to California Civil Code § 55.54. (Dkt. No. 6.) "However, section 55.54's provisions are preempted by the ADA and cannot be applied to plaintiff's ADA claim." Lamark v. Laiwalla, No. CIV. 2:12-3034 WBS AC, 2013 WL 3872926, at *1 (E.D. Cal. July 25, 2013); see also Daubert v. City of Lindsay, 37 F.Supp.3d 1168, 1179 (E.D. Cal. 2014) ("The ADA does not provide mandatory stays and early evaluation conferences to accommodate site inspections.").

Moreover, "[i]t appears that all California federal courts to have considered the issue have found that, under Erie Rail Co. v. Tompkins, 304 U.S. 64 (1938), and related cases, a federal court should not apply the procedures of California Civil Code section 55.54 to supplemental state law claims either because its provisions are not outcome determinative." Moreno v. Vohra, No. 1:14-cv-0539 AWI MJS, 2014 WL 2721770, at *1 (E.D. Cal. June 16, 2014); see also O'Campo v. Chico Mall, LP, 758 F.Supp.2d 976, 985 (E.D. Cal. 2010) ("Applying the rule does

not effect any parties' legal rights or entitlement to relief.").

Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiff's August 15, 2016 motion to strike (Dkt. No. 12) is granted;

2. Defendants' July 27, 2016 and September 14, 2016 answers (Dkt. Nos. 5 & 17) are stricken[1];

3. Within twenty-one days of the date of this order, defendants shall file an answer that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; and

4. Defendants' July 27, 2016 application for a stay (Dkt. No. 6) is denied.

Dated:  September 30, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DLB1\orders.pro se\noble1572.oah.093016

---

[1] On September 14, 2016, defendants filed a second answer. (Dkt. No. 17.) The September 14, 2016 answer, however, is also defective for the reasons noted above.